■ CHARLES ACEVEDO, Respondent, v UNITED WATER COOLER SERVICE COMPANY, INC., Appellant, and GRAMATAN SPRINGS COMPANY, INC., Respondent.—In an action to recover damages for personal injuries, the defendant United Water Cooler Service Company, Inc., appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Rockland County (Weiner, J.), entered May 27, 1988, as upon a jury verdict finding it 100% at fault in causing the plaintiff's injuries, (1) is in favor of the plaintiff and against it in the principal sum of $110,000, and (2) in effect, found that the defendant Gramatan Springs Company, Inc., was not liable to it on its cross claim.

Ordered that the judgment is modified, on the law, by deleting the second decretal paragraph thereof and substituting therefor a provision dismissing the complaint as asserted against United Water Cooler Service Company, Inc.; as so modified, the judgment is affirmed insofar as appealed from by United Water Cooler Service Company, Inc., with one bill of costs to United Water Cooler Service Company, Inc.

On November 6, 1987, United Water Cooler Service Company, Inc. (hereinafter United), distributed spring water in glass bottles to the plaintiff's place of employment. As the plaintiff was about to place the bottled water onto a water cooler, he realized that the trough of the water cooler was too full. He attempted to put the bottle down on a nearby safe, but upon coming into contact with the safe's hard surface, the

bottle broke, causing the plaintiff to sustain personal injuries. At trial, the plaintiff contended that United was negligent in supplying water in glass bottles rather than plastic containers. The plaintiff also alleged that the glass bottle supplied by United was defective. In response to interrogatories submitted to it, the jury found that, while the glass bottle was not defective, United was nevertheless wholly negligent.

We agree with United's contention that the trial court erred in denying its motion to set aside the verdict and to enter judgment in its favor as a matter of law (see, CPLR 4404 [a]). There exists no valid line of reasoning and permissible inferences which could possibly lead rational jurors to the conclusion that the plaintiff's injuries were caused by United's negligence (see, Cohen v Hallmark Cards, 45 NY2d 493, 499; Nicastro v Park, 113 AD2d 129, 132). A glass bottle is not an inherently dangerous object, and absent proof that it is defective, a retailer may not be held liable where, through the fault of the user, it makes contact with a hard surface and breaks, thereby causing injuries. We further find that United's distribution of its water in glass bottles was not the proximate cause of the plaintiff's injuries (see, Smolen v Grandview Dairy, 301 NY 265; Friedman v Pepsi Cola N. Y. Bottling Co., 266 App Div 1015).

In light of the foregoing, we need not reach the remaining issue raised by United. Brown, J. P., Kunzeman, Harwood and Rosenblatt, JJ., concur.